**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RITCHIE CAPITAL MANAGEMENT, L.L.C.,
RITCHIE CAPITAL MANAGEMENT, LTD.,
RITCHIE SPECIAL CREDIT INVESTMENTS,
LTD., RHONE HOLDINGS II, LTD., YORKVILLE
INVESTMENT I, L.L.C., and RITCHIE CAPITAL
STRUCTURE ARBITRAGE TRADING, LTD.,

      Plaintiffs,

      v.

GENERAL ELECTRIC CAPITAL
CORPORATION,

      Defendant.



**NOTICE OF REMOVAL**



PLEASE TAKE NOTICE that Defendant General Electric Capital Corporation ("GECC") removes this civil action from the Supreme Court of the State of New York, County of New York, to this Court under 28 U.S.C. §§ 1332, 1334, 1441, 1446 and 1452. Upon such removal, and pursuant to GECC's Motion to Transfer Venue, which GECC intends to file following removal, GECC asks that the Court transfer this action to the United States District Court for the Southern District of Florida or, alternatively, to the District of Minnesota, in each case for such further referrals as may be appropriate.

GECC appears for the purpose of removal only and reserves all rights and defenses, including without limitation, defenses based on personal jurisdiction, venue, and service of process. As to grounds for removal, GECC states as follows:

**PRELIMINARY STATEMENT**

1.      Removal is proper because this Court has original jurisdiction over the action:   There is complete diversity of citizenship among the parties, and the matter in controversy exceeds the sum or value of $75,000.  *See* 28 U.S.C. §§ 1332(a), 1441(a)-(b).

2.      Alternatively, removal is proper because GECC has been named as the defendant in a civil action "related to" both the Palm Beach Bankruptcy and the Petters Bankruptcy (each as defined below).  *See* 28 U.S.C. §§ 1334(b), 1452(a).

**GENERAL BACKGROUND**

3.      On September 23, 2014, Plaintiffs commenced a civil action (the "State Action") by filing a Summons with Notice, which was subsequently served upon GECC at its offices in Fairfield, Connecticut.  As of the date of this filing, a complaint has not yet been filed or served upon GECC.  A copy of the Summons with Notice and the notices of appearance filed by GECC, which comprise all process and pleadings from the State Action, are attached as Exhibit A, as required by 28 U.S.C. § 1446(a).

4.      The State Action is pending in the Supreme Court of the State of New York, County of New York, under index number 652918/2014 and is entitled *Ritchie Capital Management, L.L.C., et al. v. General Electric Capital Corporation.*  The Summons with Notice states that Plaintiffs' claims against GECC include civil conspiracy to defraud and aiding and abetting fraud and that Plaintiffs seek damages from GECC in the amount of at least $157 million (plus interest, attorneys' fees, and related costs).

## GROUNDS FOR REMOVAL

5.     GECC is a Delaware corporation with its principal place of business at 901 Main Avenue, Norwalk, CT 06851.  For the purposes of removal under 28 U.S.C. § 1441, GECC is a citizen of both Delaware and Connecticut.  *See* 28 U.S.C. § 1332(c)(1); S.D.N.Y. Local Civil Rule 81.1.

6.     Pursuant to Local Civil Rule 81.1, GECC states that the specific citizenship of Plaintiffs is unknown to GECC.  *See* S.D.N.Y. Local Civil Rule 81.1 (stating that if such information is unknown to the removing party, the removing party may so state, and the plaintiff shall file a statement of the omitted information).  The Summons with Notice does not contain sufficient information to determine the citizenship of each of Plaintiffs.  However, in a telephone call on October 8, 2014, GECC's counsel asked Plaintiffs' counsel to provide information regarding Plaintiffs' citizenship for purposes of determining diversity jurisdiction, and Plaintiffs' counsel stated that they would revert to GECC's counsel regarding this issue.  GECC's counsel followed up with Plaintiffs' counsel on October 15, October 23 and October 27.  Ultimately, during a telephone call on October 28, 2014, Plaintiffs' counsel informed GECC's counsel that none of Plaintiffs is a citizen of either Delaware or Connecticut.

7.     As a result, there is complete diversity of citizenship among the parties.  *See* 28 U.S.C. § 1332(a).  Further, as the Summons with Notice makes clear, Plaintiffs are seeking damages of at least $157 million and therefore the amount in controversy exceeds the sum or value of $75,000.  *Id.*  As such, removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441.

8.     Alternatively, removal is proper on the ground that the State Action is a civil action "related to" bankruptcy proceedings regarding Palm Beach Finance Partners, L.P.

3

and Palm Beach Finance II, L.P., which are pending in the United States Bankruptcy Court for the Southern District of Florida, Case No. 09–36379–BKC–PGH (the "Palm Beach Bankruptcy"), as well as bankruptcy proceedings regarding Petters Company, Inc. and its affiliated debtors (collectively, the "Petters Debtors"), which are pending in the United States Bankruptcy Court for the District of Minnesota, Case No. 08–45257 (the "Petters Bankruptcy"). *See* 28 U.S.C. §§ 1334(b) and 1452(a).

9.      A proceeding is "related to" a title 11 case for purposes of jurisdiction "if the action's outcome might have any conceivable effect on the bankrupt estate." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (internal quotations omitted); *see also Residential Funding Co., LLC v. Greenpoint Mortg. Funding, Inc. (In re Residential Capital, LLC)*, 2014 U.S. Dist. LEXIS 134852, *12 (S.D.N.Y. Sept. 24, 2014) (same).  Upon information and belief, Plaintiffs' claims in the State Action relate to — i.e., could "conceivably effect" — both the Palm Beach Bankruptcy and the Petters Bankruptcy in that a recovery by Plaintiffs in the State Action could significantly affect and alter recoveries to creditors in both bankruptcy cases.

10.      The Summons with Notice contains only limited information from which GECC is able to determine removability on grounds of "related to" jurisdiction.  Therefore, GECC reserves the right to supplement or amend this Notice of Removal upon Plaintiffs' filing of a complaint.

## TIMELINESS AND OTHER REQUISITES

11.     This Notice of Removal was properly filed in this Court under 28 U.S.C. § 1446(a), because the State Action is pending in the Supreme Court of the State of New York, County of New York, which is located in this federal judicial district.

12.     This Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b).

13.     This Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

14.     A copy of this Notice of Removal will be promptly filed with the Clerk of Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

15.     Written notice of the filing of this Notice of Removal will be given promptly to Plaintiffs, as required by 28 U.S.C. § 1446(d).

WHEREFORE, GECC asks that this action now pending against it in the Supreme Court of the State of New York, County of New York, be removed to the United States District Court for the Southern District of New York and that, upon the filing of GECC's Motion to Transfer Venue, the action be transferred to the United States District Court for the Southern District of Florida or, alternatively, to the United States District Court for the District of Minnesota, in each case for such further referrals as may be appropriate.

Dated:  October 29, 2014

**LATHAM & WATKINS LLP**

By: *Robert J. Malionek*
Roger G. Schwartz
Robert J. Malionek
885 Third Avenue
New York, New York  10022-4802
Telephone:  (212) 906-1200
Email:  roger.schwartz@lw.com
robert.malionek@lw.com


Sean M. Berkowitz (pro hac application to be filed)
330 N. Wabash Ave., Suite 2800
Chicago, Illinois  60611
Telephone: (312) 876-7700
Email: sean.berkowitz@lw.com

*Attorneys for Defendant*
*General Electric Capital Corporation*

EXHIBIT A

Summons with Notice and
Notices of Appearance

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| RITCHIE CAPITAL MANAGEMENT, L.L.C., RITCHIE CAPITAL MANAGEMENT, LTD., RITCHIE SPECIAL CREDIT INVESTMENTS, LTD., RHONE HOLDINGS II. LTD., YORKVILLE INVESTMENT I, L.L.C., and RITCHIE CAPITAL STRUCTURE ARBITRAGE TRADING, LTD.,<br><br>                Plaintiffs,<br><br>      - against -<br><br>GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>                Defendant. | Index No.:<br><br>Date Index No. Purchased:  September 23, 2014<br><br>**SUMMONS**<br><br>Plaintiffs designate New York County as the place of trial.<br>Venue is proper in the Supreme Court of New York, County of New York pursuant to CPLR § 503. |

To the above named Defendant:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in this summons with notice.

Dated:  September 23, 2014

                                 By:_____
                                    Leo V. Leyva, Esq.
                                    James T. Kim, Esq.
                                    Attorneys for Plaintiffs,
                                    RITCHIE CAPITAL MANAGEMENT, L.L.C.,
                                    RITCHIE CAPITAL MANAGEMENT, LTD.,
                                    RITCHIE SPECIAL CREDIT INVESTMENTS,
                                    LTD., RHONE HOLDINGS II. LTD.,
                                    YORKVILLE INVESTMENT I, L.L.C., and

RITCHIE CAPITAL STRUCTURE
ARBITRAGE TRADING, LTD.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
900 Third Avenue, 16th Floor
New York, NY 10022-4728
Telephone:  (212) 752-8000
Fax:            (212) 752-8393

GRASSO BASS, PC
Chicago, Illinois 60606
Telephone:  (630) 654-4500

Defendant's Address:

General Electric Capital Corporation
901 Main Avenue
Norwalk, CT 06851

## NOTICE:

By October 2000, General Electric Capital Corporation ("GECC") had uncovered, and could have ended, what would turn out by 2008 to be one of the largest financial frauds in US business history.  But instead of exposing the fraudulent purchase order financing schemes of Thomas J. Petters ("Petters") and his accomplices in late 2000, GECC joined it to insure that GECC would be paid and make a large profit by 2002, and then let Petters use GECC's recommendations and UCC-1 filings to victimize many more lenders, including Plaintiffs in February 2008.  One call from Petters to Paul Feehan ("Feehan") at GECC forged the union of GECC and Tom Petters after Feehan had discovered the fraud: Petters - "But I tell you what, I'll make you look like a hero, I promise you, on the Petters Capital situation and the RedTag situation."  Feehan and GECC decided to play ball with Petters.  GECC recouped all its money and more.  Petters in turn refined his fraud, and perpetrated it upon Plaintiffs who lost at least $157 million in loan proceeds.

Plaintiffs are suing GECC for damages in the amount of at least $157 million (plus interest, attorneys' fees and related costs) upon causes of action that include conspiracy to defraud and aiding and abetting the fraud of Petters and his accomplices starting in October 2000, until the legal authorities arrested Petters and his fraudulent scheme collapsed in September 2008.  The damages arise directly from a series of loans Plaintiffs made to Petters and companies he owned and controlled – Petters Group Worldwide, LLC ("PGW") and Petters Company, Inc. ("PCI") – between February 1 and May 9, 2008.  Had GECC not hid, then aided and abetted, Petters' fraud starting in 2000, Petters and his companies would not have been able to defraud Plaintiffs in 2008.

2

41445/0023-11019313v6

Petters had used GECC's discovery of the fraud to educate himself about how to better perfect his scheme for use on other sophisticated lenders such as Plaintiffs. For example, Petters improved the manner and method of using false purchase orders of electronic goods for sale to big box retailers by creating special purpose entities as structured financing vehicles to better hide the scheme and keep other sophisticated lenders from discovering the fraud. As GECC had to know during this time, Petters also would use GECC's "blue-chip" reputation to bolster Petters' legitimacy with future lenders such as Plaintiffs.

In 2001, other investment funds affiliated with Plaintiffs and managed by Ritchie Capital Management, L.L.C. ("Ritchie Capital") invested in a fund later renamed Lancelot that made purchase order loans to Petters collateralized by the same type of purchase orders that were the collateral for the loans that GECC made to Petters-controlled companies, Peters Capital and RedTag. Lancelot and Plaintiffs knew about GECC's blue-chip reputation and that GECC was a substantial Petters lender for the same type of purchase order collateralized. In order to induce these investments, Petters and his accomplices expressly and intentionally misrepresented that Petters-controlled companies had an existing and ongoing lending relationship with GECC. Petters and former GECC executives informed representatives of Ritchie Capital that GECC had a policy of limiting the total amount of these types of loans to any one borrower to $50 million, and that is why Petters desired to obtain additional purchase order financing from Lancelot. Lancelot continued to do business with Petters through September 26, 2008.

At the end of January 2008, a representative of Petters approached a representative of Ritchie Capital about a loan to be collateralized by the stock of Polaroid, a Petters-owned company. Based in part upon the investment in Lancelot coupled with Petters' then excellent business reputation, Plaintiffs agreed to make a loan to Petters and PGW in the amount of $31 million with Petters' personal guaranty and the Polaroid stock as collateral. After making the first loan, Plaintiffs agreed to further loans to Petters and his companies. From February 1 through May 9, 2008, Plaintiffs lent Petters, PGW and PCI a total of $189 million through a series of fourteen (14) loans.

The fraudulent purchase order financing scheme continued until federal law enforcement authorities executed a search warrant on PCI's principal place of business in Minnesota on September 24, 2008 and arrested Petters shortly thereafter. Following a trial that began in October 2009 and ended in December 2009, Petters was convicted on twenty criminal counts related to the fraudulent scheme at PCI, including wire and mail fraud, conspiracy to commit wire and mail fraud, and money laundering. On April 8, 2010, Petters was sentenced to fifty years in the federal penitentiary in Leavenworth, Kansas. As part of the sentence, a $3.5 billion forfeiture money judgment was entered against Petters and in favor of the United States.

Had GECC publically disclosed Petters' fraud and reported Petters to the legal and regulatory authorities as GECC should have and was obliged to do in 2000, rather than joining the conspiracy and assisting Petters in the concealment and perpetuation of the fraudulent scheme, Plaintiffs and many other subsequent lenders would have avoided becoming victims of Petters' same fraud and losing their money to his scheme. Plaintiffs are seeking recovery of their damages of at least $157 million plus interest, attorneys' fees and costs from GECC.

41445/0023-11019313v6

The relief sought by Plaintiffs is to be determined at trial, but no less than $157,000,000 plus interest, attorneys' fees, costs and equitable relief.  Upon your failure to appear, judgment will be taken against you by default for the sum of $157,000,000 with interest from February 1, 2008, and the costs of this action including attorneys' fees.

4

Case 1:14-cv-08623-PAE Document 1 Filed 10/29/14 Page 12 of 13

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 10/27/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RITCHIE CAPITAL MANAGEMENT, L.L.C., RITCHIE
CAPITAL MANAGEMENT, LTD., RITCHIE SPECIAL
CREDIT INVESTMENTS, LTD., RHONE HOLDINGS II,
LTD., YORKVILLE INVESTMENT I, L.L.C., and RITCHIE
CAPITAL STRUCTURE ARBITRAGE TRADING, LTD.,

Index No. 652918/2014

                                   Plaintiffs,

     v.

GENERAL ELECTRIC CAPITAL CORPORATION,

                                   Defendant.

**NOTICE OF
APPEARANCE**

        PLEASE TAKE NOTICE that the following attorney appears as counsel in the

above-captioned case on behalf of Defendant General Electric Capital Corporation:

        Robert J. Malionek
        Latham & Watkins LLP
        885 Third Avenue
        New York, New York 10022-4802
        Telephone: (212) 906-1200

Dated:      New York, New York
            October 27, 2014

                                LATHAM & WATKINS LLP

                                By: /s/ Robert J. Malionek
                                     Robert J. Malionek

                                885 Third Avenue
                                New York, New York 10022-4802
                                Telephone: (212) 906-1200

                                *Attorneys for Defendant*
                                *General Electric Capital Corporation*

To: All Counsel Of Record via NYSCEF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RITCHIE CAPITAL MANAGEMENT, L.L.C., RITCHIE
CAPITAL MANAGEMENT, LTD., RITCHIE SPECIAL
CREDIT INVESTMENTS, LTD., RHONE HOLDINGS II,
LTD., YORKVILLE INVESTMENT I, L.L.C., and RITCHIE
CAPITAL STRUCTURE ARBITRAGE TRADING, LTD.,

                                Plaintiffs,

      v.

GENERAL ELECTRIC CAPITAL CORPORATION,

                                Defendant.

Index No. 652918/2014

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that the following attorney appears as counsel in the

above-captioned case on behalf of Defendant General Electric Capital Corporation:

        Roger G. Schwartz
        Latham & Watkins LLP
        885 Third Avenue
        New York, New York 10022-4802
        Telephone: (212) 906-1200

Dated:      New York, New York
           October 27, 2014

                                      LATHAM & WATKINS LLP

                                      By: _____
                                          Roger G. Schwartz

                                    885 Third Avenue
                                    New York, New York 10022-4802
                                    Telephone: (212) 906-1200

                                    *Attorneys for Defendant*
                                    *General Electric Capital Corporation*

To: All Counsel Of Record via NYSCEF