UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2015
```

---------------------------------------------------------------------X
                                                    :
RITCHIE CAPITAL MANAGEMENT, LLC, et al.,            :
                                                    :
                               Plaintiffs,          :        14 Civ. 8623 (PAE)
                                                    :
                -v-                                 :        OPINION & ORDER
                                                    :
GENERAL ELECTRIC CAPITAL CORP.,                     :
                                                    :
                               Defendant.           :
                                                    :
---------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Pending before the Court are two motions: (1) a motion by Ritchie Capital Management,

LLC and its five fellow plaintiffs (collectively, "Ritchie") to remand this case to state court, on

the ground that defendant General Electric Capital Corporation's ("GECC") notice of removal

was untimely; and (2) GECC's motion for a stay of this action until its pending motion for the

transfer and consolidation of this case with others is resolved by the Judicial Panel on

Multidistrict Litigation ("JPML").  For the reasons that follow, the Court denies Ritchie's motion

for remand, and otherwise grants GECC's motion for a stay pending the resolution of GECC's

motion before the JPML.

## I.    Factual and Procedural Background[1]

In or around 2000, GECC had a brief lending relationship with two entities affiliated with

Thomas Petters.  Dkt. 8, Ex. A.  In 2008, Ritchie invested with Petters and allegedly lost $157

---

[1] These background facts are derived from GECC's removal notice and the parties' submissions
on the pending remand motion and the motion to stay.  *See* GECC's Notice of Removal, Dkt. 1;
Ritchie's Summons with Notice, *id.* Ex. A; GECC's motion for a stay, memorandum of law, and
declaration, Dkt. 8, 9, 10; Ritchie's brief in opposition and declaration, Dkt. 22, 23; and GECC's
reply brief and declaration, Dkt. 27, 28; as well as Ritchie's motion for remand, memorandum of

million.  Dkt. 1, Ex. A.  In 2009, Petters was convicted of committing a $3.65 billion Ponzi scheme and sentenced to 50 years' imprisonment.  *See United States v. Thomas J. Petters*, No. 08 Cr. 364 (RHK) (AJB) (D. Minn.); *see generally* U.S. Dept. of Justice News Release, "Tom Petters sentenced to 50 years in federal prison for orchestrating $3.7 billion Ponzi scheme," Apr. 8, 2010, *available at* http://www.justice.gov/usao/mn/econ/econ0413.pdf (last visited January 13, 2015).

On September 23, 2014, Ritchie filed suit against GECC in New York State Supreme Court in Manhattan, initiating the suit by means of a Summons with Notice.  Dkt. 1, Ex. A. Ritchie alleged that GECC had discovered Petters' Ponzi scheme in 2000, but had chosen not to disclose the fraud in order "to insure that GECC would be paid" back.  *Id.*  Ritchie alleged that by 2002, GECC had "ma[d]e a large profit" from its business with Petters, and thereafter allowed Petters to "use GECC's recommendation" and reputation in order "to victimize many more lenders, including [Ritchie] in February 2008."  *Id.*  Ritchie sought at least $157 million in damages from GECC.  *Id.*  Its causes of action, all under state law, include conspiracy to defraud and aiding and abetting Petters' fraud.  *Id.*

On September 25, 2014, GECC was served with Ritchie's Summons with Notice.  Dkt. 16, Ex. B.  Under 28 U.S.C. § 1446(b)(1), a party has 30 days to remove a case from state court to federal court.  Although, as reviewed below, the parties disagree whether the 30-day clock for measuring the removal deadline began to run on the date of service, they agree that, if it did,

---

law, and declaration, Dkt. 14, 15, 16; GECC's brief in opposition and declaration, Dkt. 24, 25; and Ritchie's reply brief, Dkt. 30.

under the Rules of Civil Procedure, the 30th day after September 25, 2014 was Monday, October 27, 2014.[2]

For purposes of diversity jurisdiction, GECC is a citizen of Delaware and Connecticut. Dkt. 24, at 5. The citizenship of the six plaintiffs, however, was not disclosed in the Summons with Notice. *See* Dkt. 1, Ex. A. Two are LLCs, which have the citizenship of each of their members. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).[3]

In the month after the Summons with Notice was served, GECC repeatedly asked Ritchie's attorneys to disclose their clients' citizenship. Dkt. 25, Exs. B, C, D, E, F, G, I, J, K. GECC sought Ritchie's citizenship by email on at least four different occasions (October 8, 2014; October 15, 2014; October 23, 2014; and October 28, 2014); GECC also requested Ritchie's citizenship telephonically several times (October 8, 2014; October 27, 2014; October 28, 2014). Each time, Ritchie's counsel responded not by answering the question, but by stating that it would check with its clients and "get back to you." *See, e.g.*, *id.* Exs. C, E, G. In an October 27, 2014 email, GECC's attorney also asked Ritchie's attorney to "confirm that the date of service of the Summons with Notice was 9/29/14." *Id.* Ex. I.[4] Ritchie's attorney replied that "I believe that is the correct date, but I will double check and confirm." *Id.* Ex. J.

---

[2] October 25, 2014 (which by the calendar is 30 days after September 25, 2014) was a Saturday. Under Federal Rule of Civil Procedure 6(a)(1)(C), however, a deadline cannot fall on a weekend.

[3] The six plaintiffs are Ritchie Capital Management, LLC; Ritchie Capital Management, Ltd.; Ritchie Special Credit Investments, Ltd.; Rhone Holdings II, Ltd.; Yorkville Investment I, LLC; and Ritchie Capital Structure Arbitrage Trading, Ltd. *See* Dkt. 1, Ex. A.

[4] GECC had incorrectly recorded the date of service as September 29, 2014. Dkt. 24.

On October 28, 2014, Ritchie's attorney informed GECC telephonically that (1) Ritchie was not a citizen of Connecticut or Delaware, and (2) the correct date of service was actually September 25, not September 29, 2014. Dkt. 25.

The next day—October 29, 2014—GECC filed its notice of removal. Dkt. 1. The notice recited two grounds for removal: (1) diversity of citizenship, and (2) that the action is "related to" two bankruptcy proceedings currently ongoing in federal court. *Id.*[5]

On November 14, 2014, GECC filed a motion with the JPML, seeking the transfer and consolidation of four actions pursuant to 28 U.S.C. § 1407. *See* Dkt. 7. As GECC explained, Ritchie's suit against GECC is the fourth suit filed against GECC arising out of its relationship with Petters' affiliates. Each suit alleges that GECC discovered Petters' Ponzi scheme but agreed with Petters not to disclose it in exchange for repayment of GECC's existing loans to Petters. *See* Dkt. 8, Ex. A (citing *Mukamal v. Gen. Elec. Capital Corp.* (*In re Palm Beach Finance Partners, L.P.*), No. 9:12-ap-01979 (Bankr. S.D. Fla.); *Gecker v. Gen. Elec. Capital Corp.*, No. 14 Civ. 08447 (N.D. Ill.); *Greenpond South, LLC v. Gen. Elec. Capital Corp.*, No. 14 Civ. 01214 (D. Minn.)). Ritchie has opposed GECC's motion for consolidation and transfer. Dkt. 22, at 1. The JPML next meets on January 29, 2015. Dkt. 10, at 9.

On November 24, 2014, GECC moved this Court for a stay of all pretrial proceedings until the JPML rules on GECC's consolidation motion. *See* Dkt. 8–10.

On November 26, 2014, Ritchie moved for remand to state court. *See* Dkt. 14–16. Ritchie acknowledged that the case meets the requirements of diversity jurisdiction, in that the parties are diverse and the amount in controversy exceeds $75,000. However, Ritchie argued,

---

[5] The two bankruptcy proceedings are *In re Palm Beach Finance Partners, L.P.*, Bankr. No. 09-36379 (BKC) (PGH) (Bankr. S.D. Fla.), and *In re Petters Co.*, No. 08-45257 (GFK) (Bankr. D. Minn.).

GECC's removal was untimely because it came 32 days after GECC had been served, two days after the 30-day deadline set by 28 U.S.C. § 1446(b)(1).  *See generally* Dkt. 15.

On December 8, 2014, Ritchie submitted a brief opposing GECC's motion for a stay.  *See* Dkt. 22–23.  On December 10, 2014, GECC submitted a brief opposing Ritchie's remand motion.  *See* Dkt. 24–25.  On December 15, 2014, GECC submitted a reply in favor of its motion for a stay.  *See* Dkt. 27–28.  On December 17, 2014, Ritchie submitted a reply in further support of its remand motion.  Dkt. 30.

On January 9, 2015, the Court heard argument.  Following argument, the Court notified counsel that it would deny Ritchie's remand motion and otherwise grant GECC's motion to stay; the Court issued an order the same day memorializing that ruling.  Dkt. 33.  The Court advised the parties that a written opinion—this opinion—would follow.

## II.  Discussion

### A.  Motion to Remand

#### 1.  Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  As a general matter, removal jurisdiction must be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states."  *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).  Therefore, a "party seeking removal bears the burden of showing

that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

Because the requirements of diversity jurisdiction—complete diversity and an amount in controversy exceeding $75,000—are undisputedly met here, *see Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); 28 U.S.C. § 1332, the decisive issue is solely whether (as Ritchie argues) GECC's removal (filed 32 days after service of Ritchie's pleading) was untimely.  Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

A court presented with both a remand motion and a motion to stay a case pending the JPML's resolution of a transfer motion has discretion as to whether to resolve the remand motion.  *See Med. Soc'y of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91–92 (S.D.N.Y. 2001) ("[D]espite the request to transfer, [district judges] remain empowered to decide pending remand motions.  Yet, it is equally within this Court's power to decline to decide a motion which challenges this Court's subject matter jurisdiction while awaiting the MDL Panel's decision on transfer.") (citing, *inter alia*, then-Rule 1.5 of JPML Rules of Procedure); *Aikins v. Microsoft Corp.*, No. 00 Civ. 0242 (AJM), 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to

6

decide motion to remand pending transfer ruling because "the same jurisdictional questions raised here will likely be raised in many of the other cases pending against Microsoft. Consistency and economy are both served by resolution of these issues by a single court after transfer."). As a general rule, where the jurisdictional issue on which the remand motion is based is common to other cases that are the subject of the pending transfer motion, the argument for leaving resolution of that issue to the eventual transferee court is stronger. *See, e.g.*, *Ivy v. Diamond Shamrock Chems. Co.*, 901 F.2d 7, 9 (2d Cir. 1990) ("Agent Orange cases are particularly well-suited for multidistrict transfer, even where their presence in federal court is subject to a pending jurisdictional objection. The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. That issue, however, involves common questions of law and fact . . . , and there are real economies of transferring such cases to Judge Weinstein, who has been handling the Agent Orange litigation for several years."). Where, however, the underlying jurisdictional issue turns on questions of law or fact that are specific to the case at hand, the argument for the district court to rule on jurisdiction and not wait for the JPML panel's transfer decision is stronger. *See, e.g.*, *Med. Soc'y of N.Y.*, 187 F. Supp. 2d at 92 (citing *Vasura v. Acands*, 84 F. Supp. 2d 531, 532–33 (S.D.N.Y. 2000)).

**2.      Analysis**

The Court's determination is that (1) it is proper and sensible to decide Ritchie's remand motion now; and (2) on the merits, that remand motion should be denied.

As to the former, the remand issue which Ritchie raises is specific to this lawsuit. It turns solely on whether GECC's removal to federal court was timely. That issue does not arise in, and

has no bearing upon, the cases which GECC seeks to consolidate with this one.[6]  And resolving federal jurisdiction now will assist the JPML panel by clarifying the number of cases affected by its ruling.  It is, therefore, proper and sensible for the Court to rule on federal jurisdiction now. *See, e.g.*, *Med. Soc'y of N.Y.*, 187 F. Supp. 2d at 92.

On the merits, the sole issue is the timeliness of GECC's removal.  With respect to diversity jurisdiction, it cannot seriously be disputed that GECC's removal was timely.  Where the face of the plaintiff's pleadings do not reveal the fact of federal jurisdiction, the statutory 30-day deadline for filing a notice of removal does not begin to run.  28 U.S.C. § 1446(b)(3).  And a defendant does not have an independent duty to investigate whether a case is removable.  *See, e.g.*, *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001).  Although a defendant must "apply a reasonable amount of intelligence in ascertaining removability," it need not "look beyond the initial pleading for facts giving rise to removability."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (quoting *Whitaker*, 261 F.3d at 206).  Accordingly, where "removability is not apparent from the allegations of an initial pleading or subsequent document, the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered."  *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014); *see also Moltner*, 624 F.3d at 37 ("[T]he 30-day period did not begin to run until the defendant received the first document from which *all* of the facts giving rise to removability were evident.") (emphasis added).

Here, Ritchie's Summons with Notice did not disclose plaintiffs' citizenship, including of the two plaintiff LLCs.  *See* Dkt. 1, Ex. A.  And despite repeated inquiries to opposing counsel

---

[6] As the ensuing discussion reflects, the Court has no occasion to resolve the one issue relating to remand that potentially could be relevant to the other Petters-related lawsuits which GECC seeks to consolidate: whether, apart from diversity of citizenship, federal jurisdiction is merited on the additional ground that this case is "related to" pending bankruptcy proceedings.

over the ensuing weeks, GECC was first notified on October 28, 2014 that plaintiffs' citizenship did not destroy diversity.  The very next day, October 29, 2014, it filed its notice of removal.

In light of this, Ritchie's basis for claiming an untimely removal relies on the fact that, in its removal notice, GECC recited an alternative ground for removal: that plaintiffs' lawsuit was "related to" pending proceedings in United States Bankruptcy Court.  Ritchie argues that the 30-day deadline for GECC to remove on this ground began to run upon service of the Summons with Notice; that GECC's removal on this ground was untimely; and that GECC's untimeliness in removing on "related to" grounds makes the overall notice of removal untimely.  Dkt. 15.

For two reasons, the Court rejects this argument.

First, much as Ritchie's Summons did not disclose the basis for claiming diversity jurisdiction, it did not disclose the fact of "related to" jurisdiction.  (And indeed, Ritchie "vigorously contests" that "related to" jurisdiction lies here.  *See* Dkt. 15, at 1 n.1.)   Whether removal based on "related to" jurisdiction under 28 U.S.C. § 1452(a) was proper turns

> on the scope of federal jurisdiction under 28 U.S.C. § 1334.  Section 1334, in turn, provides in pertinent part: "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11," of the United States Bankruptcy Code.  Thus, the crux of the jurisdictional dispute is whether [plaintiffs'] claims, which [are pled] solely under [] state law, are sufficiently 'related to' the bankruptc[ies] to establish federal jurisdiction.  A civil proceeding is 'related to' a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate.

*Deangelis v. Corzine*, 501 B.R. 155, 158 (S.D.N.Y. 2012) (quoting, *inter alia*, *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011)) (most citations, internal quotation marks, and brackets omitted).  In addition, courts must abstain, under certain circumstances, from exercising "related to" jurisdiction.  *See* 28 U.S.C. § 1334(c).

Here, however, the existence of "related to" jurisdiction was not ascertainable from the face of Ritchie's Summons with Notice.  The Summons with Notice does not disclose the fact of

either bankruptcy proceedings—that of Petters or that of Palm Beach Finance Partners—on which GECC's later removal (*see* note 5, *supra*) was based. *See* Dkt. 1, Ex. A. Still less does it supply a basis on which to conclude that Ritchie's state-law claims (which sound in conspiracy and fraud) would have any impact on either bankruptcy estate. With only the spare Summons with Notice in hand, one would not know, for example, whether any of the six plaintiffs here stood to be a claimant in either proceeding. *See, e.g.*, *Cutrone*, 749 F.3d at 146 ("[E]ven if a defendant could remove immediately upon the filing of a complaint because the case satisfies the requirements of federal subject matter jurisdiction, a complaint or other document from the plaintiff that does not explicitly convey the removability of a case does not trigger the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3)."); *Moltner*, 624 F.3d at 37 ("[T]he 30-day period did not begin to run until the defendant received the first document from which all of the facts giving rise to removability were evident.").

Ritchie notes that GECC's removal notice ultimately did invoke "related to" jurisdiction as an alternative basis for federal jurisdiction to diversity of citizenship. But that GECC itself subjectively knew or learned enough about the two bankruptcy proceedings to invoke such jurisdiction does not mean that Ritchie's Summons with Notice triggered the running of the removal clock. The case law instead imposes a bright-line rule, based on the face of the plaintiff's pleading or other written submissions. *See Moltner*, 624 F.3d at 38 ("[A] bright line rule is preferable to the approach [plaintiff] advocates. Requiring a defendant to read the complaint and *guess* the amount of damages that the plaintiff seeks will create uncertainty . . . .") (emphasis added). "The relevant test is not what the defendants purportedly knew, but what [the document] said." *Whitaker*, 261 F.3d at 206 (quoting *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993), *overruled on other grounds by Sikirica v. Nationwide*

*Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005)).  Here, Ritchie's Summons with Notice fell far short

of supplying the "clear and unequivocal notice from the pleading itself, or a subsequent 'other

paper' such as answer to an interrogatory[,]" that was required.  *Cutrone*, 749 F.3d at 143

(quoting *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)).  Put differently,

while GECC could conjecture that "related to" jurisdiction might exist, Ritchie's Summons with

Notice failed to give GECC "specific and unambiguous notice that the case satisfies federal

jurisdictional requirements."  *Id.* at 146 (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819,

825 (7th Cir. 2013)).

      Second, even if the 30-day clock for removing on "related to" grounds had been triggered

by Ritchie's Summons with Notice, GECC's removal notice would be untimely only as to that

particular ground of removal.  Ritchie has not supplied the Court with any authority holding that

where removability on the ground of diversity of citizenship emerges only later, a defendant may

not remove on that ground if it did not earlier remove on "related to" grounds that were arguably

available.  And such a holding would be particularly problematic here, where (1) defendant

GECC persistently pressed Ritchie's counsel for information about plaintiffs' citizenship, but its

inquiries were not answered in the 30 days following service of the Summons with Notice; and

(2) Ritchie vigorously disputes whether, in fact, "related to" jurisdiction exists.  Further, Ritchie

conceded at argument that had GECC's removal notice recited only diversity of citizenship as

the grounds for removal, there would be no basis for claiming untimely removal.  GECC's

decision to recite alternative grounds for removal in its notice ought not affect the timeliness of

its removal on diversity grounds.

Accordingly, because the requirements of diversity jurisdiction are met and GECC timely removed, federal jurisdiction is proper.  Ritchie's motion to remand the case is, therefore, denied.

### B.      Motion to Stay

At argument, both parties agreed that, if the Court denied Ritchie's remand motion, a stay would be merited pending resolution of GECC's motion before the JPML panel for transfer and consolidation.  The Court agrees.

"Courts considering stay applications must 'exercise [their] judgment'" and "'weigh competing interests.'"  *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants.")).  Courts in this Circuit consider five factors in deciding whether a stay is appropriate: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Id.* (citation omitted).  It is common for courts to stay an action pending a transfer decision by the JPML.  *See, e.g.*, *id.* at 374; *Pierre v. Prospect Mortg., LLC*, No. 13 Civ. 453 (NAM) (RFT), 2013 WL 5876151, at *2 (N.D.N.Y. Oct. 31, 2013) ("In fact, it is rather common for courts to stay cases pending a motion for MDL.").

Measured against these familiar principles, the motion for a stay of proceedings in this Court is clearly meritorious.  First, the stay GECC seeks is short, as the JPML meets on January 29, 2015 and is likely to resolve GECC's motion promptly.  Dkt. 10, at 9.  A short stay will not

prejudice plaintiffs. *See, e.g.*, *Royal Park Invs.*, 941 F. Supp. 2d at 372 ("Courts have determined that such short delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff."); *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, No. 05 Civ. 453 (DGT), 2005 WL 3555926, at *1 (E.D.N.Y Dec. 23, 2005) ("[A]ny stay relative to the MDL Panel's decision will be relatively short in duration and will not prejudice plaintiffs."); *Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 Civ. 2153 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) (staying case pending MDL panel's decision because, "[w]hile [plaintiffs] may suffer some initial delay, once the cases are coordinated . . . more time may well be saved than was lost.").

Second, if the case is not stayed, GECC will potentially face duplicative proceedings and inconsistent or inefficient discovery regimes. GECC is the sole defendant in four federal lawsuits, each in a different district, all arising out of GECC's brief lending relationship with Petters in or around 2000. The lawsuits appear likely to implicate overlapping core facts, documents, witnesses, and legal theories, and may involve extensive discovery. A stay assures that discovery will not commence in multiple proceedings until the MDL panel has ruled on whether consolidation is merited.

The remaining factors similarly support a stay. Most notably, a stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer. *See* 28 U.S.C. § 1407; *Royal Park Invs.*, 941 F. Supp. 2d at 373 ("In addition, courts in this Circuit have recognized that stays pending transfer will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice.") (citations and internal quotation marks omitted). Notably, GECC has consistently sought to consolidate and transfer these four cases. *See* Dkt. 10, at 13–14.

The Court, therefore, stays proceedings in this case.

## CONCLUSION

For the foregoing reasons, the Court denies Ritchie's motion for remand, and otherwise grants GECC's motion for a stay pending the resolution of GECC's motion before the JPML. The Court also directs the parties to promptly update the Court as to any rulings from the JPML.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: January 13, 2015
        New York, New York